IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

GENERAL AKECHETA MORNINGSTAR                  PLAINTIFF

V.                        CIVIL ACTION NO. 3:20-cv-00030-NBB-JMV

THE KROGER COMPANY                            DEFENDANT

## ORDER GRANTING MOTION TO TRANSFER VENUE

Presently before the court is Defendant The Kroger Company's motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, alternatively, to transfer venue pursuant to 28 U.S.C. § 1404. [Docs. 9, 15] As an alternative to dismissal, Defendant seeks transfer to the United States District Court for the Southern District of Mississippi.

Plaintiff brought this action, *pro se*, under Title VII and the Americans with Disabilities Act ("ADA") alleging he was wrongfully terminated from his employment at Defendant's store in Brandon, Mississippi, which is located in the Southern District of Mississippi. Title VII's venue provision displaces the general venue provision set forth in 28 U.S.C. § 1391 and applies to ADA cases as well. *In re: Horseshoe Entertainment*, 337 F.3d 429, 432, (5th Cir. 2002). Under the provision, venue is proper "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice…." 42 U.S.C. § 2000e-5(f)(3).

A motion to transfer venue under 28 U.S.C. § 1404 should be granted if the movant demonstrates that the transferee venue is clearly more convenient, taking into consideration, *inter alia*, the relative ease of access to sources of proof, the availability of compulsory process to

secure the attendance of witnesses, the cost of attendance of willing witnesses, the local interest in having localized disputes decided at home, and all other considerations that make trial of a case easy, expeditious, and inexpensive. *Minniefield v. Lewis Grocer Co.*, 2015 U.S. Dist. LEXIS 74487, at *5 (S.D. Miss. Apr. 14, 2015). None of the factors have dispositive weight, however. *Id.* at *6.

Plaintiff's sole argument against transfer and his stated reason for filing this action in the Northern District of Mississippi in the first instance is an alleged perceived judicial bias against him in the Southern District of Mississippi. While the plaintiff's choice of venue is afforded a certain amount of deference, "[w]hen the movant demonstrates that the transferee venue is clearly more convenient … it has shown good cause, and the district court should therefore grant the transfer." *Id.* (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)).

As the Southern District of Mississippi is the location where all unlawful acts alleged by Plaintiff were committed and where Plaintiff currently resides, it will provide greater ease of access to sources of proof and witnesses and is clearly the more convenient venue for this action. Accordingly, the court finds that it is proper and in the interest of justice that this action be transferred to said district.

It is, therefore, **ORDERED AND ADJUDGED** that Defendant's motion to transfer venue is **GRANTED** and this action is hereby **TRANSFERRED** to the United States District Court for the Southern District of Mississippi.

This 25th day of June, 2020.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE